**In re The BIBLE SPEAKS, Debtor.**

**Bankruptcy No. 86–40392–JFQ.**

United States Bankruptcy Court,
D. Massachusetts.

Nov. 26, 1986.

See also, Bkrtcy., 69 B.R. 72.

Charles W. Morse, Jr., Sullivan & Worcester, Boston, Mass., for The Bible Speaks.

Charles Kelliher, Mass. Elec. Co., Westboro, Mass., Philip J. Hendel, Hendel, Collins & Stocks & Newton, Springfield, Mass., J. Robert Seder, Seder & Chandler, Worcester, Mass., for Creditors' Committee.

## OPINION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

The Unsecured Creditors' Committee applies for authorization to employ two lawyers as its co-counsel. The application is opposed by the Debtor on the ground that employment of two lawyers (and their respective law firms) will involve a duplication of services which will cause unnecessary expense to the estate. The United States Trustee consents to the application on the condition that counsel file with the Court a proposed delineation of their respective duties.

A creditors' committee may, with the court's approval, "select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). Despite this apparently broad authorization for a committee to employ more than one attorney, the statute's legislative history indicates the need for close scrutiny of such employment in these words: "The subsection provides for the employment of more than one attorney. However, this will be the exception and not the rule; cause must be shown to depart from the normal standard." H.R.REP. NO. 595, 95th Cong., 1st SESS. 402 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6358. The Senate concurred with: "Normally one attorney should suffice; more than one may be authorized for good cause." S.REP. NO. 989, 95th Cong. 1st SESS. 114 (1977), U.S.Code Cong. & Admin.News 1978, p. 5900.

The present application is prompted by the fact that the Committee is composed of six creditors who were evenly divided in their vote for counsel. The employment of both nominees is sought as a compromise solution to the division within the Committee. Undoubtedly because of the rather clear legislative history on the question, it was not disputed at the hearing that it is incumbent upon the Committee to establish cause for the employment of two attorneys.

The Committee chairman suggested two principal causes: the complexity of the case and the geographical consideration that each of the proposed co-counsel practices in an area of Massachusetts which is in some proximity to the places of business of three members of the Committee. Any complexity in this case will undoubtedly stem from the fact that the Debtor, a church, is in need of a Chapter 11 reorganization because it is faced with a disputed $6.5 million claim for the return of donations by a previous contributor, a claim which is far greater than the claims of all the other creditors combined. But the Committee suggests no particular reason that the employment of these co-counsel is necessary to deal with any such complexity. Although both of the proposed co-counsel are highly competent and experienced, their fields of expertise (bankruptcy and commercial law) are the same. No one suggests that each has a special skill which is not possessed by the other. The maxim that "two heads are better than one" was suggested at the hearing. That may well be, but the maxim could hardly be controlling here. If it were, the need to establish cause for the double employment would be vitiated. Moreover, both counsel belong to law firms where consultation would be readily available.

The asserted geographical factor is equally unimpressive. Even if the Commonwealth of Massachusetts were a good deal larger than it is, in this age of ready communication and rapid travel the location of creditors in different ends of the Commonwealth would not be reason for the employment of co-counsel. This is particularly true here. One of the attorneys has his offices in Springfield and the other in Worcester, two cities which are only 50 miles apart. Furthermore, both practice regularly before this Court which sits principally in Worcester.

The proposed co-counsel have indicated an intention to divide duties between them. Indeed, as mentioned, the consent of the United States Trustee to their employment is contingent upon such a division. Given the integrity of both counsel, the Court has no doubts concerning the good faith of their intention to allocate duties. But a division of duties between counsel, each of whom is capable of performing all of the duties, cannot constitute cause for the employment of both when neither is being hired because of his particular skill to perform the duties so allocated. Here again, if this were cause for their joint employment, there would be little practical significance in the requirement to establish cause. Nor does a complete division of duties between counsel seem practical. For example, the Debtor posed this question at the hearing: is it likely that only one counsel will read and analyze the plan of reorganization that the Debtor has recently filed? We hardly think so, not because of any lack of good faith concerning allocation of duties, but because of the compelling desire that each will likely have to master the reorganization process as well as other aspects of this case.

We are fortified in this conclusion by the experience of courts in reviewing fee applications of co-counsel to creditors' committees. Such a review usually discloses a duplication of effort that brings no added benefit to the estate. This duplication requires a corresponding reduction by the Court in the requested compensation. *See In re Sapolin Paints,* 38 B.R. 807, 814–15 (Bankr.E.D.N.Y.1984) (pointing out "substantial" instances of duplication by creditors' committee co-counsel and reducing their combined fee by $27,000); *see also In re Yankee Seafood,* 53 B.R. 285, 286 (Bankr.D.R.I.1985) (denying compensation altogether to co-counsel where they engaged in "unnecessary and unproductive"

duplication and failed to produce any benefit to the estate through their services). Because some duplication is virtually unavoidable, the inevitable reduction in requested compensation has aspect of unfairness to counsel whose joint employment has been previously authorized. Denial of that joint employment in the first instance avoids the entire problem. °

The inability to agree upon one of two counsel does not constitute cause for the selection of both. Although the attorneys' conduct here has been exemplary, the present situation is reminiscent of the result of practices under the prior Bankruptcy Act. All too often under the prior Act, lawyers manipulated the election by creditors of a creditors' committee in order to obtain the job of counsel. Competition between lawyers in this process tended to result in both getting the job. *See* REPORT OF THE COMM'N ON THE BANKRUPTCY LAWS OF THE UNITED STATES, H.R.DOC. NO. 137, 93d Cong., 1st Sess., Pt. 1 at 25 (1973).

The United States Trustee indicated at the hearing that his office normally appoints a committee having an odd numbered membership in order to avoid problems such as we have here. Apparently, although it was not elaborated upon at the hearing, there were considerations present in this case which favored appointment of the present six members. Nevertheless, if the deadlock cannot be resolved, the Committee may have to be reconstituted. Perhaps, in order to avoid the possibility of future deadlocks, the Committee should be reconstituted in any event. We leave that matter, however, to the discretion of the United States Trustee.

The application is denied.

SO ORDERED.